2002 ND 49

**Jenese A. PETERS–RIEMERS,
Plaintiff and Appellee,**

v.

**Roland C. RIEMERS, Defendant
and Appellant.**

No. 20010274.

Supreme Court of North Dakota.

March 12, 2002.

Rehearing Denied April 16, 2002.

---

Roland C. Riemers (on brief), pro se, Grand Forks, defendant and appellant.

Michael L. Gjesdahl (on brief), Gjesdahl & Associates, Fargo, for plaintiff and appellee.

MARING, Justice.

[¶ 1] Roland Riemers appeals from an order which granted Jenese Peters Riemers's request to evict Roland from the parties' former marital residence. We affirm.

I

[¶ 2] Jenese Peters–Riemers was granted a divorce from Roland Riemers. Under the terms of the Amended Judgment granting the divorce, Jenese was awarded the parties' marital residence near Buxton, North Dakota. Roland failed to vacate the residence by the date set in the Amended Judgment. As a result, Je-

nese requested that the trial court evict Roland from the residence. The trial court granted Jenese's request for eviction and Roland appealed.

II

[¶ 3] On appeal, Roland asserts a number of arguments in support of his contention that the trial court erred in granting Jenese's request for eviction.

[¶ 4] In Roland's first argument, he asserts the trial court violated his homestead rights and the North Dakota Constitution by evicting him from the Buxton property. However, the Amended Judgment clearly awarded Jenese the parties' marital residence. Roland has already attacked the trial court's distribution of marital property in a separate appeal currently pending before this Court. Therefore, Roland's argument on this point is an impermissible collateral attack on the Amended Judgment itself. *See State v. Dvorak*, 2000 ND 6, ¶ 31, 604 N.W.2d 445 (appellant's argument that a protection order was invalid was an impermissible collateral attack on the order itself when raised in an appeal from a conviction for violating the order). Furthermore, this argument is without merit because Roland does not explain how the trial court violated homestead laws and the North Dakota Constitution other than to make the bare assertion that "tossing a family out in the cold of winter [is not] a 'wholesome law'" and is, therefore, a violation of N.D. Const. art. XI, § 22. "'Parties must do more than submit bare assertions to adequately raise a constitutional issue.'" *Snyder v. N.D. Workers Comp. Bureau*, 2001 ND 38, ¶ 19, 622 N.W.2d 712 (quoting *Renault v. N.D. Workers Comp. Bureau*, 1999 ND 187, ¶ 14, 601 N.W.2d 580).

[¶ 5] Roland also argues the trial court erred in granting the eviction because under N.D.C.C. § 14–05–25.1, a contempt proceeding was the only method Jenese could use to enforce the divorce judgment. Section 14–05–25.1, N.D.C.C., provides "[f]ailure to comply with the provisions of a separation or divorce decree relating to distribution of the property of the parties constitutes contempt of court." While N.D.C.C. § 14–05–25.1 provides for contempt proceedings to enforce divorce judgments, nothing in this statute prohibits a party from bringing an eviction action when a person fails to vacate the marital residence by the date set in the divorce judgment. Thus, N.D.C.C. § 14–05–25.1 does not bar Jenese's eviction action.

[¶ 6] In his third argument, Roland contends no evidence was submitted to show that he was in wrongful possession of the Buxton property. He admits, however, that he has remained on this property past the date on which he was required to vacate by the Amended Judgment. Thus, he was continuing to possess the property in violation of the Amended Judgment and an eviction action against him was, therefore, maintainable. *See* N.D.C.C. § 33–06–01(6) (eviction action maintainable against a party who "continues wrongfully in possession after a judgment in partition or after a sale under an order or decree of a district court").

[¶ 7] In his fourth argument, Roland contends the trial court was without jurisdiction to enter the eviction order because Roland filed his appeal from the trial court's oral eviction order before the written eviction order was filed. We find no support for the proposition that a party may deprive a court of jurisdiction to enter a written order by filing a premature appeal from an oral order. *See Morley v. Morley,* 440 N.W.2d 493, 495 n. 2 (N.D. 1989) ("A ruling which is incomplete is not appealable."). Accordingly, this argument is without merit. *See Snyder,* 2001 ND 38, ¶ 20, 622 N.W.2d 712 ("Without citations to relevant authority or supportive reasoning, an argument is assumed to be without merit.").

### III

[¶ 8] In his brief, Roland asserts the guidelines relied on by the trial court to deny his request for a stay at a December 5, 2001, hearing are unconstitutional because they are impossible to meet and violate N.D. Const. art. I, § 1. Additionally, Roland contends this Court exceeded its authority in promulgating rules on stays.

[¶ 9] There is nothing in the record indicating that a hearing was held on December 5, 2001, and no transcript of such a hearing was provided. There is an order in the record which indicates Roland was denied a request for a stay at a hearing on November 27, 2001, but there is no transcript of this hearing. Thus, it is impossible to determine what guidelines the trial court relied on in denying Roland's request for a stay. *See Owan v. Kindel,* 347 N.W.2d 577, 579 (N.D.1984) ("Failure to provide a transcript may prevent a party from being successful on appeal."). Furthermore, because nothing in the record indicates Roland raised any argument regarding the constitutionality of the stay rules or guidelines to the trial court, we will not address his argument on this issue. *See Allied Mut. Ins. Co. v. Dir. of N.D. Dept. of Transp.,* 1999 ND 2, ¶ 6, 589 N.W.2d 201 ("It is well established that an issue not presented to the trial court will not be considered for the first time on appeal.").

### IV

[¶ 10] We, therefore, affirm the order of the trial court.

[¶11]   GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.