2004 ND 28

**Jenese A. PETERS–RIEMERS, Plaintiff and Appellee**

v.

**Roland C. RIEMERS, Defendant and Appellant.**

**No. 20030081.**

Supreme Court of North Dakota.

Jan. 28, 2004.

Rehearing Denied Feb. 25, 2004.

Roland C. Riemers, pro se, Grand Forks, N.D., defendant and appellant.

Jason W. McLean (argued) and Michael L. Gjesdahl, Gjesdahl & Associates, Fargo, N.D., for plaintiff and appellee.

MARING, Justice.

[¶ 1] Roland C. Riemers appeals a trial court order finding him in contempt for failure to pay $23,465.84 in child and spousal support, ordering him jailed for thirty days if he did not pay the arrears, ordering entry of a money judgment, and ordering him to pay attorney's fees. We reverse the contempt order and the money judgment and remand for further proceedings because Roland was not informed of his right to counsel when the contempt proceedings could have resulted in incarceration. *See Peters–Riemers v. Riemers,* 2003 ND 96, 663 N.W.2d 657 (2003).

I

[¶ 2] Roland and Jenese were divorced in May of 2001. Previous to this appeal, Roland has appealed three post-divorce orders. *See Peters–Riemers v. Riemers,* 2002 ND 49, 641 N.W.2d 83 (2002) (*"Peters–Riemers I"*); *Peters–Riemers v. Riemers,* 2002 ND 72, 644 N.W.2d 197 (2002) (*"Peters–Riemers II"*); *Peters–Riemers,* 2003 ND 96, 663 N.W.2d 657 (2003) (*"Peters–Riemers III"*). On December 21, 2001, Jenese filed an Application For Order to Show Cause In Re Contempt requesting the trial court take judicial notice of the computerized ledger of the Clerk of Court evidencing Roland was in child and spousal support arrears and requesting remedial sanctions under N.D.C.C. § 27–10–01.4. The trial court issued an Order to Show Cause. On November 20, 2002, the trial court, on its own motion, issued an Order to Show Cause why Roland should not be found guilty of civil contempt for failure to pay spousal and child support. The contempt hearing for both the December 21, 2001, and November 20, 2002, Orders to Show Cause was not heard until January 27, 2003. Roland appeared without counsel and represented himself.

[¶ 3] At the conclusion of the hearing, the court asked Jenese's counsel to draft a proposed order of contempt. Roland submitted objections to the proposed order. The trial court found Roland in contempt in its order dated February 3, 2003, and ordered him to pay $23,465.84 in spousal and child support arrears and $1,124.50 in

attorney's fees. In addition, if Roland did not pay the arrears by March 28, 2003, Jenese could obtain a writ of attachment and Roland would be imprisoned for 30 days. Jenese filed a request for entry of a money judgment on February 4, 2003, together with an affidavit of identification and nonmilitary service under N.D.C.C. § 14–08.1–05.

[¶ 4] The trial court ordered the entry of a money judgment as part of its contempt order, and a money judgment for $24,590.34 was entered on February 4, 2003. The money judgment included $23,465.84 in child and spousal support and $1,124.50 in attorney's fees. A certified copy of the payment records maintained under N.D.C.C. § 50–09–02.1 included in the record as Plaintiff's exhibit number two, reflects that the $23,465.84 included $13,885.48 in child support arrears and $9,580.36 in spousal support arrears.

## II

[¶ 5] Roland argues the Order of Contempt punishment was punitive not remedial. Roland made an identical argument in *Peters–Riemers III*, and we concluded his contempt punishment was remedial. *Peters–Riemers*, 2003 ND 96, ¶ 20, 663 N.W.2d 657. We stated:

A remedial sanction is one which "includes a sanction that is conditioned upon performance or nonperformance of an act required by court order." N.D.C.C. § 27–10–01.1(4). Remedial sanctions can be payment of money, forfeitures, or imprisonment. N.D.C.C. § 27–10–01.4(1). A prison sentence is remedial only if it is conditional and the "contemnors carry 'the keys of their prison in their own pockets. . . .'" Punitive sanctions, however, are unconditional. Thus, a punitive sanction is "a sanction of imprisonment if the sentence is for a definite period of time . . ." or a

sentence which "is not conditioned upon performance or nonperformance of an act. . . ." N.D.C.C. § 27–10–01.1(3). The most important factor which makes a sanction punitive is its unconditional nature; if the contemnor cannot purge the contempt by performance, the charge is punitive.

*Id.* (quoting *Endersbe v. Endersbe,* 555 N.W.2d 580, 582 (N.D.1996) (citations omitted)). In *Peters–Riemers III,* we concluded that "[b]ecause Roland's release from incarceration was conditioned upon the performance of various acts which the trial court apparently found he had the current ability to perform, it appears the sanction imposed was remedial." *Peters–Riemers,* at ¶ 20. Roland's incarceration for 30 days was conditioned upon his payment of $23,465.84, which the trial court found he had the ability to pay. Therefore, this contempt order is remedial.

## III

[¶ 6] Roland argues the trial court violated his constitutional due process right when it failed to inform him of his right to be represented by counsel in a contempt proceeding where incarceration is a possible punishment. In *Peters–Riemers III,* we adopted the procedural requirements outlined by the Wisconsin Supreme Court and applied them to all contempt proceedings unless the court makes it clear to the defendant that incarceration will not be imposed as a sanction. *Peters–Riemers,* 2003 ND 96, ¶ 23, 663 N.W.2d 657. "When a trial court has failed to inform a pro se defendant of his constitutional right to appointed counsel in a contempt proceeding in which the defendant faces potential incarceration, we will not attempt to discern whether the error was harmless." *Id.* at ¶ 24 (citations omitted). We concluded that "a trial court's failure to inform a pro se defendant of the right to counsel is fatal to a finding of contempt as well as to orders related to

that finding." *Id.* (citation omitted). In this appeal, the trial court found Roland in contempt for failure to pay child and spousal support, but the record does not show that the trial court informed Roland of his right to be represented by counsel.

[¶ 7] Jenese argues that Roland had counsel of record and could not be both pro se and have counsel of record. However, the authority she cites is distinguishable on the facts. *See, e.g., McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); *State v. Hart,* 1997 ND 188, 569 N.W.2d 451; *Logan v. State,* 846 So.2d 472 (Fla.2003); *State v. Spivey,* 357 N.C. 114, 579 S.E.2d 251 (2003). Those cases involve situations where both counsel and the client were attempting to act as an attorney, often at the exact same time. In this contempt proceeding, Roland never appeared with counsel. His only attorney of record appeared when Roland was jailed for contempt and on appeal in *Peters–Riemers III.*

[¶ 8] Because Roland was not advised of his right to counsel, we must reverse the contempt order and the money judgment and remand for further proceedings. Under N.D.C.C. § 14–08.1–05(1)(a), any ordered child support payment becomes a judgment by operation of law "on and after the date it is due and unpaid." *See Baranyk v. McDowell,* 442 N.W.2d 423, 425, 426 (N.D.1989) (concluding that with N.D.C.C. § 14–08.1–05 the "legislature intended past-due child support obligations to be treated as judgments under state law[,]" which have the "full force and effect of a judgment of the district court"). To enforce this judgment under the statute, it must be placed on the judgment docket, but the judgment creditor must first submit a "written request accompanied by a verified statement of arrearage or certified copy of the payment records maintained under section 50–09–02.1 and an affidavit of identification of the judg-

ment debtor...." N.D.C.C. § 14–08.1–05(1)(a).

[¶ 9] We conclude, however, Jenese did not satisfy the requirements of the statute. She requested a "money judgment" be entered by the trial court under N.D.C.C. § 14–08.1–05. The statute does not require a request for a money judgment from the trial court. It requires that the judgment ordering payment of child support be entered in the judgment docket upon filing by the judgment creditor or his assignee of a written request accompanied by a verified statement of arrears or certified copy of payment records maintained under N.D.C.C. § 50–09–02.1 and an affidavit of identification of the judgment debtor. N.D.C.C. § 14–08.1–05(1)(a); *see Ruscheinsky v. Ulrich,* 2000 ND 133, ¶¶ 6–9, 612 N.W.2d 283 (setting forth the legislative history of N.D.C.C. § 14–08.1–05 from 1987 through 2000). Jenese sought a formal money judgment for the accumulation of arrears rather than merely complying with N.D.C.C. § 14–08.1–05(1)(a). In addition, her request was not accompanied by a verified statement of arrearage or a certified copy of the payment records maintained under N.D.C.C. § 50–09–02.1. Jenese's right to proceed under N.D.C.C. § 14–08.1–05, however, is not prejudiced by this opinion.

## IV

[¶ 10] We conclude Roland's remaining arguments are without merit. Therefore, we reverse the contempt order and the money judgment and remand for further proceedings.

[¶ 11] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.