(106 N. W. 403.)

————————

ACME HARVESTER COMPANY v. ROLAND MAGILL.

Opinion filed January 30, 1906.

**Satisfaction of Judgment by Mistake Will Be Set Aside on Motion.**

1. A satisfaction of a judgment entered through a mistake of fact may ordinarily be set aside on a motion based on affidavits made in the action.

**Same — Where Facts are Complicated Court May Order an Action.**

2. In cases where the facts are complicated and disputed the court may refuse to decide them on motion and compel the party to resort to an action.

**Same — Time for Motion.**

3. A motion to set aside a satisfaction in such cases can be made after the lapse of one year from the date of satisfaction, and section .5298, Rev. Codes 1899, is not applicable to such motions.

**Justice Court — Execution May Issue Within Ten Years from Entry.**

> 4. Under a judgment of the justice of the peace, a transcript of which is filed in district court, an execution may issue at any time within ten years after the date of the judgment in justice court.

Appeal from District Court, Ransom county; *Frank P. Allen,* J.

Action by the Acme Harvester Company against Roland Magill. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Charles S. Ego* and *M. A. Hildreth,* of counsel, for appellant.

There is no life in this judgment, and it could not be executed if reinstated. Sections 6723, 5489, Rev. Codes 1899; Phelps v. McCollam, 10 N. D. 536, 88 N. W. 292.

Application to vacate a satisfaction must be made within one year after the judgment is satisfied. Section 5298, Rev. Codes 1899.

The remedy is by action, not motion. 18 Enc. Pl. & Pr. 1057-60-61; 19 Enc. Pl. & Pr. 266; Section 5741, Rev. Codes 1899; State v. Shiveley, 10 Ore. 267; People v. Hall, 80 N. Y. 119; Roman v. Garth, 3 Hun. 214.

*Rourke, Kvello & Adams,* for respondents.

A court of law can vacate a satisfaction, reverse an erroneous entry and make a correct one, and resort to equity is unnecessary. 19 Enc. Pl. & Pr. 139; Martin v. State Bank, 20 Ark. 636; Turnan v. Tenke, 84 Ill. 286; Farmer et al v. Sasseen et al., 63 Ia. 110, 18 N. W. 714; Waters v. Eagle, 53 Md. 179; Harrison v. Maxwell, 44 N. J. L. 316; Wilson v. Stillwell, 14 Ohio Stat. 464; Kinney v. Fritz, 2 Pa. 173; McNeil v. Hunt, 6 Kan. 760.

Such power exists by virtue of its control over its records and is inherent in all courts of general jurisdiction. 19 Enc. Pl. & Pr. 139; Ackerman v. Ackerman, 44 N. J. L. 173; Tudor v. Taylor, 46 Vt. 444.

The usual remedy is by motion in the original action to cancel this entry or return of satisfaction and direct an execution for the portion of the judgment unpaid. 19 Enc. Pl. & Pr. 142; Aicardi v. Robbins, 41 Ala. 541; Mutin v. State Bank, 20 Ark. 636; Cramer v. Tittel et al., 79 Cal. 332, 21 Pac. 750; Farmer v. Sasseen, supra; Seymour v. Haines, 104 Ill. 557; Bogle v. Bloom, 36 Kan. 512, 13 Pac. 793; Potter v. Hunt et al., 68 Mich. 242, 36 N. W. 58; Cohen v. Camp, 46 Mo. 179; Phillips v. Kuhn et al., 35 Neb. 187, 52

N. W. 881; Faughnan v. Elizabeth, 58 N. J. L. 309; Wallace et al. v. Berdell et al., 105 N. Y. 7, 11 N. E. 274; Snead v. Rhodes, 2 Dev. & B. L. 386; Wilson v. Stilwell, 14 Ohio St. 464; Miller v. Preston, 154 Pa. St. 63; Townsend v. Smith, 20 Tex. 465; Voell v. Kelly, 64 Wis. 504, 25 N. W. 536.

Only where damage, or equitable relief, which cannot be had on motion, is sought, is an action necessary. Cramer v. Tittel et al., supra; McNeil v. Hunt, 6 Kan. App. 670; Jenkins v. Morriweather, 109 Ill. 647; Chapman et al v. Blakeman, 31 Kan. 684, 3 Pac. 277.

The judgment was not barred by lapse of time. Section 5498 Rev. Codes 1899; Phelps v. McCullam, supra; Williams v. Rice, 60 N. W. 153; Mahony v. Neff, 24 N. E. 152; Rand et al v. Garner et al., 39 N. W. 515; Carpenter v. King, 42 Mo. 19.

Morgan, C. J. This is an appeal from an order setting aside a satisfaction of a judgment and granting leave to issue an execution thereon. The facts are as follows: On the 20th day of June, 1898, the plaintiff obtained a judgment against the defendant in justice court for the sum of $201.41, damages and costs. On October 8, 1898, a transcript of said judgment was filed in the office of the clerk of the district court and the judgment duly docketed therein. Thereafter an execution was duly issued on said judgment and levied upon property which was thereafter sold for the sum of $361, and the execution was returned fully satisfied by entries on the docket on January 18, 1900. Thereafter, on or about the latter date, the minor children of the defendant, through him as their guardian, brought an action against the sheriff for damages to them for having sold their property under the execution in this action, and they recovered judgment against the sheriff for the sum of $242. This plaintiff paid that judgment in full. On December 9, 1904, the plaintiff made a motion to set aside the satisfaction on the ground stated and the motion was granted. Through a misunderstanding there was no appearance at the hearing of this motion. Later the defendant moved to set aside the order setting aside said satisfaction, and the motion was heard before the present judge of the district court of Ransom county; and on stipulation of the attorneys the motion was heard on the merits and an order was again entered setting aside the satisfaction and permitting the judgment to stand so far as the same was un-

satisfied, and granting leave to issue execution thereon.  Defendant appeals from this order.

These are the grounds urged against the validity of said order: (1)  That a motion to set aside the execution is not the proper remedy, as plaintiff should have proceeded by action.  (2)  That more than five years have elapsed since the rendition of said judgment in justice court, and no rights exist to issue an execution thereon.  (3)  That more than one year having elapsed since the judgment was satisfied, no authority exists to have the same set aside.

The first objection is not tenable.  Courts have inherent power in such cases over their own judgments and records.  In this case the facts were undisputed; hence, the objection that disputed questions of fact should not be determined on affidavits does not arise in the case.  The rule is general that, unless exceptional circumstances exist, the court will grant such relief on motion.  If damages are claimed, or equitable relief is asked, which cannot be had on motion, or disputed questions of fact on material issues arise, the court may compel the parties to resort to an action, or hear the motion upon oral evidence as in trial of actions.  19 Enc. Pl. & Pr. p. 142, and cases cited; 2 Black on Judgments, section 1016; Chapman v. Blakeman, 31 Kan. 684, ·3 Pac. 277.

The next contention is that the right to issue execution on the judgment has become barred by the lapse of more than five years since the judgment was entered in the justice court.  The contention is that the filing of the transcript in district court does not extend the time during which an execution may issue on the judgment.  After mature consideration, this court has recently held that this contention cannot be sustained.  In that case it was held that an execution may issue on the judgment during the life of the judgment; that is, ten years from the time of its entry in justice court.  Holton v. Schmarback (N. D.) 106 N. W. 36.

It is next contended that the order should be reversed for the reason that more than one year has elapsed since the satisfaction of the judgment was entered of record.  Respondent relies upon section 5298, Rev. Codes 1899, to sustain this contention. That section governs the right to be relieved from a "judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."  It is clear that entering a satisfaction does not constitute a proceeding within the meaning of that section.  This section relates to opening up defaults

taken by the opposite party through the judicial acts of the court or judge. We find no case where a limitation of one year or other fixed time has been placed upon the right to vacate a satisfaction of a judgment; and from the reading of the section we conclude that it does not apply to satisfactions. The right to vacate satisfactions is based upon the inherent rights of courts to correct its records to conform to the facts. In this case the judgment was satisfied on the erroneous conclusion that the judgment was paid in full. Subsequently it was adjudged in another action that the property sold, from the proceeds of which the judgment was satisfied, did not belong to the defendant. From that fact it followed that plaintiff's judgment was only partially satisfied. The plaintiff was therefore entitled to have its judgment reinstated to the extent that it was unpaid. To permit it to stand · wholly satisfied would be an injustice and to correct such injustice it was equitable and just to reinstate the judgment by setting aside the satisfaction. Magwire v. Marks, 28 Mo. 193, 75 Am. Dec. 121. This was done under the general powers of the court and was granting 'no relief under said section 5298, Rev. Codes 1899.

The order is affirmed. All concur.