## C. A. CROSS v. HILLSBORO NATIONAL BANK, a Corporation.

(164 N. W. 695.)

**Garnishment — judgment against garnishee — vacating — motion for — order on — grounds for — mistake of fact — discretion — order not disturbed — except for abuse.**

1. When the trial court, in the exercise of its discretion, vacates and sets aside a judgment obtained against the garnishee on the ground of some mistake

of fact or for any other good reason which appeals to the sound judgment and discretion of the trial court, the order of the trial court vacating and setting aside such judgment will not be interfered with in the appellate court, unless it clearly appears there is an abuse of the discretion vested in the trial court.

**Trial court — inherent power — satisfaction of judgment — may order it set aside — where mistake of fact appears — substantial justice.**

2. The trial court, by and through its inherent powers, has the power to set aside a satisfaction of a judgment, where such satisfaction was given or brought about through a mistake of fact, or by misapprehension of the facts, brought about by statements, letters, representations, or circumstances made by the attorneys or parties interested in having the satisfaction placed of record, to the party who caused the satisfaction of such judgment by the payment of money held in its possession as garnishee.

Opinion filed August 3, 1917. Rehearing denied October 3, 1917.

Appeal from an order of the County Court of Cass County, *A. G. Hanson,* J.

Affirmed.

*Barnett & Richardson* and *Lyman N. Miller,* for appellant.

Where the relief sought is the setting aside of a satisfaction of a judgment, the statute relied upon and under which the action is brought does not apply. Acme Harvester Co. v. Magill, 15 N. D. 116, 106 N. W. 563.

The judgment had been actually and in good faith satisfied and the person entitled to receive payment had received the amount and had satisfied the judgment. There was no longer any judgment and the parties were out of court. Hatch v. Central Nat. Bank, 78 N. Y. 487; McCredy v. Thrush, 37 App. Div. 465, 56 N. Y. Supp. 68; Rochester Distilling Co. v. Devendorf, 72 Hun, 622, 25 N. Y. Supp. 529; Fluegelman v. Armstrong, 59 Misc. 506, 110 N. Y. Supp. 967; 17 Am. & Eng. Enc. Law, 2d ed. 862; Penfold v. Singleton, 36 Ga. 556; Skillings v. Massachusetts Ben. Asso. 151 Mass. 321, 23 N. E. 1136; Davis v. Blair, 88 Mo. App. 372; Foster v. Hauswirth, 5 Mont. 566, 6 Pac. 19; Cooper v. Galbraith, 24 N. J. L. 219; Alverson v. Alverson, 2 R. I. 27; Enders v. Burch, 15 Gratt. 64; Boos v. Morgan, 130 Ind. 305, 30 Am. St. Rep. 237, 30 N. E. 141; 30 Century Dig. (Judgment) 675; 23 Cyc. 1495; 20 Cyc. 1140 (3).

The discretion of the trial court, while broad, is not limitless, but

it is a discretion which must not be abused; and, in the event the record discloses plain abuse of such discretion, the action of the trial court will be reversed. Bazal v. St. Stanislaus Church, 21 N. D. 602, 132 N. W. 212; Hunt v. Swenson, 15 N. D. 512, 108 N. W. 41.

The garnishee made no application to amend the disclosure made, and formal judgment was entered and later satisfied. There was no mistake of fact. It would be ridiculous to say that a party to an action could make a mistake of law, but that a reliance upon same by his attorney would be a mistake of fact. Plano Mfg. Co. v. Murphy, 16 S. D. 380, 106 Am. St. Rep. 692, 92 N. W. 1072; Corson v. Smith, 22 S. D. 501, 118 N. W. 705; Bacon v. Mitchell, 14 N. D. 454, 4 L.R.A.(N.S.) 244, 106 N. W. 129; Keenan v. Daniells, 18 S. D. 102, 99 N. W. 853.

An assignment of a fund in the hands of the garnishee must be brought to the attention of the garnishee prior to the service upon the garnishee of the summons in garnishment, and if, at the time·of the service of the summons upon the garnishee, he has not been advised of the third-party claim, such third-party claim or assignment becomes subsequent as a matter of law, to the rights of the plaintiff under his prior garnishment summons. 4 Cyc. 54.

Where a party moves to vacate a judgment, and it is clearly disclosed that as a matter of law he has no valid defense, the court will not exercise its discretion and open the judgment. The moving party must affirmatively show that he has a valid, enforceable defense. Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228; Getchell v. Great Northern R. Co. 24 N. D. 487, 140 N. W. 109; Naderhoff v. Benz, 25 N. D. 165, 17 L.R.A.(N.S.) 853, 141 N. W. 501.

*Theo. Kaldor,* for respondent.

"The right to vacate satisfactions is based upon the inherent rights of courts to correct its records to conform to the facts." Acme Harvesting Co. v. Magill, 15 N. D. 116, 106 N. W. 563; Kinports v. Oberholtzer, 111 Iowa, 744, 82 N. W. 1012; 23 Cyc. 1500; 17 Am. & Eng. Enc. Law, 2d ed. 871.

The satisfaction of a judgment may be vacated and set aside by the trial court on the ground of undue influence, misrepresentation, and

fraud. 17 Am. & Eng. Enc. Law, 2d ed. 871; Voell v. Kelly, 64 Wis. 504, 25 N. W. 536.

Here the attorney presumably acted without conscious bad faith, but the effect was the same, and the court has power to grant relief. Watkins v. Brant, 46 Wis. 419, 1 N. W. 82; Bussian v. Milwaukee, L. S. & W. R. Co. 56 Wis. 325, 14 N. W. 452; Voell v. Kelly, supra; Comp. Laws 1913, §§ 7483, 7581.

Courts are inclined to be more liberal in attachment and garnishment proceedings than in cases of judgments. Waples, Attachm. & Garnishment, § 501; First State Bank v. Krenelka, 23 N. D. 570, 137 N. W. 824; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 384; Mason v. Thomas, 24 Ill. 285.

Courts will go far to relieve a garnishee from a default judgment where he has disclosed under a misapprehension or mistake of the facts, as is clearly shown in this case. Evans v. Mohn, 55 Iowa, 302, 7 N. W. 593.

The affidavit of merits presented is entirely sufficient, and shows a valid, enforceable defense. Bismarck Grocery Co. v. Yeager, 21 N. D. 550, 131 N. W. 517.

The assignment of a fund in the hands of a garnishee will be complete as to the garnishee and to creditors of the assignor, only when notice of the assignment has been given to the garnishee in time to permit him to disclose the assignment in his answer to the garnishment process. 20 Cyc. 1016 and 1131, and cases cited; Greenwich Ins. Co. v. Columbia Mfg. Co. 73 Ill. App. 560.

The garnishee acted with due diligence in taking steps to set aside the satisfaction. Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 228, 130 N. W. 228; 20 Cyc. 1118; First State Bank v. Krenelka, 23 N. D. 570, 137 N. W. 824.

Grace, J. Appeal from an order of the county court of Cass county setting aside a satisfaction of, and opening and vacating, a judgment entered against the garnishee.

The plaintiff brought an action against the defendant to recover for certain indebtedness. The defendant made no appearance in the action, and judgment was entered against him by default.

In the course of the proceedings a garnishee summons was issued

and served upon the garnishee on the 24th day of February, 1915. The garnishee took no further steps in the matter until the 2d day of March, 1915, when he wrote a letter to L. N. Miller, attorney for the plaintiff, wherein he called attention to the fact that Justin E. Safford and his attorneys, Marx & Conger, did not seem to know the amount or nature of the claim of Cross against Safford in which garnishment summons was served on the garnishee. The garnishee asked Miller to write Marx & Conger, giving to Miller the exact postoffice address of Marx & Conger in Tacoma, Washington. The plaintiff's attorney, Miller, replied to the letter from the garnishee, stating that he had taken the matter up with Mr. Safford's lawyers. He further stated that the garnishee had money in its possession and under its control belonging to the defendant Safford, and that he would take it for granted that the garnishee intended to admit liability to the defendant prior to the ten days allowed for answer, and prepared and inclosed with his letter an original and copy of a garnishment affidavit admitting liability, which he stated that the garnishee might use if it should see fit. He further stated that it was not the desire of the plaintiff to entangle the garnishee in a lawsuit, and the garnishee's affidavit, admitting liability, would relieve it from any further proceedings and leave the matter entirely between the plaintiff and defendant. The garnishee then signed the affidavit, admitting liability, and in a letter dated March 8, 1915, to plaintiff's attorney, Miller, inclosed therewith the affidavit, admitting liability from the garnishee to the defendant. Prior to the time of the mailing and delivery to plaintiff's attorney of the affidavit, admitting liability, the garnishee had received notice of the claim of Marx & Conger, of which claim the letter, exhibit D, signed by both Safford and Marx & Conger, is the basis, and constitutes the agreement with reference to the claim of ownership of Marx & Conger of the moneys then in the hands of the garnishee. On the 16th day of March, 1915, an oral conversation over the long-distance telephone occurred between Arnegard, the cashier of the Hillsboro National Bank, the garnishee, and the attorney for the plaintiff, which, according to Arnegard's affidavit, was substantially as follows: That the affiant Arnegard on the 16th day of March, 1915, had personal knowledge of an indebtedness, and the claim of ownership of Marx & Conger of the money in controversy. That Arnegard had personal knowl-

edge that Arthur P. Marx, an attorney at law who claimed to represent the rightful owner of the money covered by said garnishment proceeding, was then in Fargo, North Dakota, and had seen and talked with Mr. Miller, the attorney for the plaintiff, and that it was represented to the affiant by Attorney Miller and said Marx that they would probably reach an amicable adjustment as to the money in controversy. That Miller and Marx called up the affiant over the same telephone, both being present when the talk was had, directing him to send the money to the First National Bank of Fargo, North Dakota, and was told by both Miller and Marx that they were representing the two claimants to the money held by the garnishee; and, further, that the affiant believed that the information given by either or both would be reliable and proper for him to follow.

On the 27th day of March, 1915, Attorney Miller called the affiant over the telephone, stating that he had obtained judgment against the defendant and garnishee in said action, and requested the affiant to immediately telephone the First National Bank of Fargo, who had come into possession of the money in controversy following the conversation of March 16th, when the demand certificate for $1,277.05 was sent to the First National Bank of Fargo. The affiant Arnegard, knowing that said Marx and plaintiff's attorney had been trying to reach an amicable adjustment, and that, if they had not been able to do so, the ownership of the money controlled by the garnishee would be decided by the judgment of the court in which the action was pending, and relying upon the representations made by plaintiff's attorney, and believing that the matter had been settled in a legal manner, telephoned the First National Bank of Fargo, as requested by plaintiff's attorney, and instructed the bank to pay the judgment of the county court obtained by the plaintiff against the garnishee, which was done, and the plaintiff's attorney filed a satisfaction of such judgment in such court.

The main question presented in this appeal is, Did the court abuse its discretion in setting aside the judgment against the garnishee and in permitting it to make a further disclosure? It must be conceded that the trial court has a wide discretion in such matters, and, unless there is plain abuse of the exercise of such discretion, the order of the trial court in such matters should be sustained. The appellant contends that the garnishee, at the time of the disclosure having had knowledge

of the claim of Marx & Conger to such money, and thereafter having made his disclosure admitting liability, and judgment having been entered against it, and such judgment paid and satisfied from the money which the garnishee disclosed, by the affidavit, it owed Safford, the defendant in the case, the garnishee cannot now be afforded any relief. However, we must not lose sight of the fact that the garnishee in this case had no direct interest in the matter except to pay the money to some person entitled to receive the same. To the garnishee it made no difference who received the money. No benefit of any kind or character accrued to the garnishee. It merely had a duty under the law to make a proper disclosure of the amount of property or money it had in its possession owing Safford. It must also be conceded that the garnishee has acted in the highest of good faith; and it also appears that it relies largely upon the advice or statements of Miller, the attorney for the plaintiff, and also upon the statements of Miller and Marx made during the long-distance telephone conversation which the garnishee had with each of them. The garnishee knew that Miller was an attorney, and also that Marx was an attorney, and each had knowledge of the right and proper thing to do in such cases. The garnishee, in view of all the correspondence and conversations had, and under all the circumstances, was justified in believing that Miller and Marx were adjusting the matter amicably; and if they did not do so, they would arrange the matter in some way so that when the garnishee paid the money over to whomsoever it did pay it, it would not have any more trouble in regard thereto, and no further liability. If, therefore, the garnishee, through a misapprehension of the real state of facts by reason of the letter written to it by Miller at the time Miller sent it, the affidavit of disclosure for admission of liability, and by reason of the conversation with Miller and Marx over the telephone, and all the other circumstances of the case, in good faith made an improper disclosure, and the money was paid to the wrong party when it should have been held to abide the final result of all the claims to such money, surely such a case is one in which the court would be justified in using its discretion and exercising its inherent power to set aside and vacate the judgment against the garnishee, and permit an amended disclosure. If the garnishee believed at the time it made such disclosure and paid such money

over, that it was doing the right, proper, and legal act, and yet it should subsequently appear that it was mistaken, and it had at all times. acted in good faith, and in this case the good faith of the garnishee must be conceded, there could be no more proper case for the exercise of the discretion of the court. First State Bank v. Krenelka, 23 N. D. 568, 137 N. W. 824 (Meyer, garnishee). It was held in the case of Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228, that the ruling of the trial court on a motion to vacate a default judgment will not be reversed except in cases of manifest abuse of the wide judicial discretion vested in the trial court. The test of the court's. discretion in such matters is that the exercise of the court's discretion, on an application to vacate a judgment, should tend in a reasonable degree to bring about a trial on the merits. Such is the expression in the syllabus of such case. We believe this is a sound rule. The only thing desired in the case at bar is a disclosure upon the merits. That is, the garnishee should be allowed to show and disclose its liability to Safford, and then it is for the court to say which of the several claimants to such money is entitled to receive the same. Acme Harvester Co. v. Magill, 15 N. D. 116, 106 N. W. 563, recognizes the inherent power of the court to set aside a satisfaction of a judgment entered through mistake of facts. The principle laid down in such case is applicable to the case at bar, even though the circumstances and facts of the cases are different. The court has the inherent power to set aside a satisfaction of a judgment entered through mistake of fact, or for any other reason that appeals to the sound discretion of the court, when the granting of the order vacating the judgment would tend to do justice between all the parties, and to have the matters involved disposed of entirely upon their merits. As before stated, the garnishee in this case had no interest except to pay the money to the party entitled to receive the same. It is evident that it would not have paid the money where it did, if it had not actually and in good faith believed the party entitled to receive it who did receive it. If it was mistaken in this, it was the duty of all the parties, the claimants of the fund and the attorneys connected with the case, to act in the utmost good faith with the garnishee, so that it would become involved in no difficulty, as the garnishee claimed none of the money itself, and claimed no offsets against the money, and had but one desire, that being to pay

the money to the party entitled to receive the same. We think the court below gave the matter a thorough consideration, and acted wisely and clearly within its sound discretion.

The order of the court is therefore in all things affirmed, with costs.

ROBINSON, J. (concurring). This is an appeal from an order vacating a judgment against the garnishee and permitting it to serve an answer. On March 17th judgment was given against the defendant for $1,048.75. On March 27, 1915, judgment was given against the garnishee for $1,044.25, reciting that it appeared that the garnishee was indebted to the defendant in that sum. The judgment was obtained by the mistake and inadvertence of the cashier of the garnishee, and by his trusting the counsel for plaintiff. The garnishee summons was served February 24, 1915. On March 3d Lyman Miller, attorney for plaintiff, wrote the bank that as he understood the bank had money of defendant and intended to admit the same. He inclosed the draft of an affidavit of disclosure, which he invited the bank cashier to sign, saying it would relieve the bank from further proceedings and place the matter with the plaintiff and the defendant. So, it appears that, relying on the kind advice of counsel for the plaintiff, the bank cashier made the disclosure as requested. Yet at the time of making the same the bank had been notified that a third party claimed the money. The garnishee innocently supposed that the parties would take no advantage of him through the snaps of the law, and that counsel for plaintiff and defendant and the court would probably dispose of the money; and so on a phone from the attorney for plaintiff the money was paid into court on March 27, 1915. The third party demands that the bank pay the same money to him, and so the bank was between the Devil and the deep sea, and the court very properly vacated the judgment against the garnishee, and permitted the plaintiff and the third party to fight out their claims for the money.

If perchance the third party owns the money, would it be proper to make the bank pay it a second time, because it was misled by the smoothness of the plaintiff's counsel? Would that not be the same as simple robbery? It is certain that, at the time of taking the judgment against the garnishee, the attorney for the plaintiff had positive notice of the third-party claim, which was represented by Engerud, Holt, &

Frame. He knew that the garnishee could not safely pay the money on his judgment, and that the garnishee had been misled by him. Under the facts disclosed, there was no legal or moral justification for taking a judgment against the garnishee, or for taking the money of the garnishee in satisfaction of the judgment against the defendant. The order of the county court is well approved, and it should be affirmed, except that neither the plaintiff nor his attorney should have $25, or any sum, as costs on the motion.