2017 ND 99

**MID DAKOTA CLINIC P.C.,
a corporation, Plaintiff
and Appellant**

v.

**Sara L. LIVENGOOD, Defendant**

**No. 20170029**

Supreme Court of North Dakota.

Filed 4/25/2017

Clifton G. Rodenburg, Amanda L. Wiebolt, and Eeva M. Greenley, P.O. Box 2427, Fargo, ND 58108-2427, for plaintiff and appellant; submitted on brief.

Sara L. Livengood, defendant; no appearance.

VandeWalle, Chief Justice.

[¶ 1] Mid Dakota Clinic appealed a district court's order denying its motion to vacate a satisfaction of judgment. We conclude the district court abused its discretion in failing to vacate the erroneously filed satisfaction of judgment. We reverse.

## I.

[¶ 2] A default judgment was entered against Sara Livengood in December 2008. In 2012, Mid Dakota Clinic's counsel filed a "Full Satisfaction of Judgment" with the district court. However, this filing contained errors; the document had Mid Dakota Clinic and Livengood's case number but different parties listed as plaintiff and defendant. The clerk of the district court apparently accepted the document without cross-checking the names of the parties with the case file number and it became part of the record in this case. According to Mid Dakota Clinic, the satisfaction was supposed to be filed in the listed plaintiff/defendant case, not the numbered case and Livengood has yet to satisfy Mid Dakota Clinic's judgment against her.

[¶ 3] In 2016, Mid Dakota Clinic attempted to collect on the judgment and discovered the satisfaction of judgment in the record. Upon discovering the erroneous document, Mid Dakota Clinic moved the district court to vacate it. Although Livengood was served with a notice of the motion, she did not respond. The district court denied the motion. Mid Dakota Clinic moved the district court to reconsider its denial; the district court denied the motion for reconsideration.

[¶ 4] On appeal, Mid Dakota Clinic argues the district court abused its discretion in not vacating the erroneously filed satisfaction of judgment.

## II.

[¶ 5] Mid Dakota Clinic moved to vacate the erroneous filing under Rule 60(a) of the North Dakota Rules of Civil Procedure. N.D.R.Civ.P. 60(a) states:

The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with notice. But after an appeal has been docketed in the Supreme Court and while it is pending, such a mistake may be corrected only with the Supreme Court's leave.

[¶ 6] We review orders denying Rule 60(a) motions under an abuse of discretion standard. Erickson v. Olsen, 2016 ND 33, ¶ 11, 875 N.W.2d 535. A district court "abuses its discretion when its acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." Norberg v. Norberg, 2017 ND 14, ¶ 7, 889 N.W.2d 889 (quoting Grager v. Schudar, 2009 ND 140, ¶ 3, 770 N.W.2d 692). In Erickson, this Court described the application of N.D.R.Civ.P.60(a):

This Court has clearly held that Rule 60(a) is not a substitute for an appeal on the merits.

Generally, Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced. We believe it clear that Rule 60(a) was not designed to affect substantive portions of a judgment or order, nor to act as a substitute for appeal. The rule is appropriately utilized only for the correction of irregularities which becloud but do not impugn the judgment. The problem is essentially one of characterization. It must be de-

termined whether a substantive change or amendment was made or whether the amended conclusions and judgment were in the nature of corrections.

2016 ND 33, ¶ 8 (quoting Kukla v. Kukla, 2013 ND 192, ¶¶ 11–12, 838 N.W.2d 434) (internal citation and quotation omitted).

[¶ 7] The district court "has the inherent power to set aside a satisfaction of a judgment entered through mistake of fact, or for any other reason that appeals to the sound discretion of the court, when the granting of the order vacating the judgment would tend to do justice between all the parties[.]" Cross v. Hillsboro Nat. Bank, 38 N.D. 261, 268, 164 N.W. 695, 697 (1917). Additionally, "[t]he right to vacate satisfactions is based upon the inherent right of courts to correct its records to conform to the facts," and there is no fixed time line in which to vacate a satisfaction of judgment. Acme Harvester Co. v. Magill, 15 N.D. 116, 120, 106 N.W. 563, 564 (1906). In Acme, this Court found "the judgment was satisfied on the erroneous conclusion that the judgment was paid in full" and "[t]o permit it to stand wholly satisfied would be an injustice and to correct such injustice it was equitable and just to reinstate the judgment by setting aside the satisfaction." Id.

[¶ 8] In denying Mid Dakota Clinic's motion to vacate the satisfaction of judgment, the district court stated: "While the Court may have considered this request had the plaintiff's error been discovered within weeks of the erroneous filing, I conclude it is simply too late to vacate the satisfaction at this time."

[¶ 9] Mid Dakota Clinic argues the district court abused its discretion in denying its motion to vacate the satisfaction of judgment because it brought the error to the district court's attention within a reasonable amount of time of its discovery and if left uncorrected, the judgment would remain wholly unsatisfied.

[¶ 10] It is clear that a mistake has been made; the parties' names on the document do not coincide with the listed file number. Such a mistake is factual and not substantive; the document simply contained mismatched information. Although Mid Dakota Clinic was responsible for the original error, we assume the clerks of court will cross-reference the listed parties with the listed case number to prevent future misfilings of this nature.

[¶ 11] In denying Mid Dakota Clinic's Rule 60(a) motion, the district court gave no explanation other than stating Mid Dakota Clinic should have brought the motion sooner. Mid Dakota Clinic does not contest there was a four and a half year gap between filing the erroneous satisfaction of judgment and its motion to vacate, nor does it provide an explanation for its delay in enforcing its judgment. Nonetheless, Rule 60(a) does not impose a time limit on when a party can move a court to fix a clerical error. We also note, Livengood provided no evidence that she was prejudiced by the erroneously filed satisfaction of judgment.

[¶ 12] An erroneously filed document is the type of mistake Rule 60(a) was adopted to fix. Allowing the satisfaction of judgment to be vacated will correct the record to conform to the facts and make the record speak the truth. Therefore, the district court abused its discretion in denying Mid Dakota Clinic's motion to vacate the satisfaction of judgment.

### III.

[¶ 13] We reverse the district court's order denying Mid Dakota Clinic's motion to vacate.

[¶ 14] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Michael G. Sturdevant, S.J.

[¶ 15] The Honorable Michael G. Sturdevant, S.J., sitting in place of Kapsner, J., disqualified.